**LAKESHORE LAW CENTER**
**Jeffrey Wilens, Esq. (State Bar No. 120371)**
**18340 Yorba Linda Blvd., Suite 107-610**
**Yorba Linda, CA 92886**
**714-854-7205**
**714-854-7206 (fax)**
**jeff@lakeshorelaw.org**

**Attorney and Plaintiff in Pro Se**

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WILENS DBA LAKESHORE LAW CENTER, <br><br> Plaintiff, <br><br> v. <br><br> AUTOMATTIC, INC., TLDS L.L.C. DBA SRSPLUS, GOOGLE INC., and Does 1 through 100, <br><br> Defendants. | Case No. _____ <br><br><br> Demand for Jury Trial <br> **COMPLAINT FOR** <br> **1. Violation of Lanham Act (15 USC § 1125 (a) (1))** <br> **2. Violation of Anticybersquatting Consumer Protection Act ("ACPA") (15 USC § 1125 (d))** |

## **PARTIES**

1. Plaintiff JEFFREY WILENS DBA LAKESHORE LAW CENTER, an individual, brings this action on behalf of himself.  Plaintiff is a resident of the State of California and Central District of California and a competent adult.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant AUTOMATTIC, INC. is now, and at all times mentioned in this Complaint was, a corporation based San Francisco, California, in the Northern District of California, and doing business in the County of Orange, State of California, and throughout the State of

California and United States.  It has not designated any principal place of business in the State of California.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant TLDS L.L.C. DBA SRSPLUS is now, and at all times mentioned in this Complaint was, a corporation based in the State of Virginia, and doing business in the County of Orange, State of California, and throughout the State of California and United States.  It has not designated any principal place of business in the State of California.

4. Plaintiff is informed and believes, and thereupon alleges, that GOOGLE INC. is now, and at all times mentioned in this Complaint was, a corporation based in Mountain View, California, and doing business in the County of Orange, State of California, and throughout the State of California and United States.  It has not designated any principal place of business in the State of California.

5. Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named Defendant refers also to all Defendants sued under fictitious names.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by

name or otherwise throughout this complaint, was the alter ego of each of the remaining Defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining Defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

## JURISDICTION

7. This Court has jurisdiction because the lawsuit alleges violations of federal law, the Lanham Act, 15 U.S.C. § 1125 (a), (d).

## FIRST CAUSE OF ACTION FOR VIOLATION OF THE LANHAM ACT (15 USC § 1125 (a) (1))

8. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 7 inclusive.

9. Plaintiff is an attorney licensed in the State of California and authorized to appear in all state courts in California and a number of federal courts in California and Colorado, as well as before the United States Supreme Court and the Ninth Circuit Court of Appeals.

10. Plaintiff holds trademarks or service marks on "Jeffrey Wilens" and "Lakeshore Law Center."  He has had these since at least 1992.  These common law trademarks are pending registration under serial numbers 86193592 and 86193589 respectively.

11. Plaintiff operates a national law office under these trademarks and maintains websites at www.lakeshorelaw.org and www.creditrepairdebt.org as well as at other Internet locations.

12. There is only one attorney named Jeffrey Wilens in the USA and only one law firm named Lakeshore Law Center in the USA.  Plaintiff is known for a specialized practice in consumer and employment law and it is not unusual for him to receive inquiries from potential clients throughout the United States.

13. Over the past 20 years, Plaintiff has spent tens of thousands of dollars advertising and promoting his personal and business name.

14. Defendants are website hosts (Internet Service Providers) or domain name registrars.

15. Defendant AUTOMATTIC, INC. hosts all the websites operating under the "Wordpress.com" domain name.

16. Defendant GOOGLE INC. hosts all the websites operating under the "Blogger" domain name.

17. Defendant TLDS L.L.C. DBA SRSPLUS is the domain name registrar for www.jeffreywilens.com.  The registrant for that domain name is listed as "Konstantin Petrov, Montazhnikov 24, Sankt-Peterburg, Russia," which is obviously a fake name and address and in no way related to Plaintiff.  The registrant also lists a phone number of 812-000-0000, which is a fake number.

18. Doe Defendant No. 1 is a currently unidentified person who has created a number of websites for the purposes of diverting search engine traffic by clients and potential clients of Plaintiff from Plaintiff's websites to the websites controlled by Doe No. 1.  He did this for purposes of commercial gain and with intent to tarnish or disparage Plaintiff's marks by creating likelihood of confusion.

19. To that end, Doe No. 1 created an account with AUTOMATTIC, INC. so that he could create Wordpress-hosted websites.  Doe No. 1 was allowed by this defendant to use the trademarked names in prominent fashion. Specifically, Doe No. 1 was allowed by AUTOMATTIC, INC. to create websites using the names: lakeshorelawcenter.wordpress.com; attorneyjeffreywilens.wordpress.com; jeffreywilenslawyer.wordpress.com; unitedvictimsofjeffreywilens.wordpress.com; and jeffreywilenslakeshorelaw.wordpress.com.

20. Similarly, Doe No. 1 created an account with GOOGLE INC. which allowed him to created a Blogger hosted website using the name jeffreywilens.blogspot.com.

21. Similarly, Doe No. 1 hired SRSPLUS to register the name "jeffreywilens.com" for a website owned by Doe No. 1. SRSPLUS was immediately aware of the fake registrant information provided by Doe No. 1.

22. Each of the Defendants knew or should have known Doe No. 1 was not Plaintiff and had no legitimate purpose for using Plaintiff's personal or business name in the domain name of the websites.

23. Each of the Defendants is aware their actions were and are contributing to the trademark infringements in that Plaintiff provided written notice on or about March 3, 2014 to each of the Defendants and provided specific information describing the trademark infringements and each particular defendant's role in perpetuating them. Each of the Defendants responded in writing and stated they would not take any actions to stop the trademark infringements which they were assisting absent an order from a court of competent jurisdiction.

24. Defendants violated 15 U.S.C. § 1125, subdivision (a) (1) by using in commerce the terms or names "Jeffrey Wilens" and/or "Lakeshore Law Center" in a manner that is likely to cause confusion or to deceive as to the affiliation, connection or association of the ownership of the aforementioned websites.

25. As a result of these trademark infringements, Plaintiff has suffered damages in that potential and actual clients have been misdirected to the offending websites by virtue of the fact they appear prominently in the list of websites generated by "Googling" Jeffrey Wilens or Lakeshore Law Center. <u>If Doe No. 1 had not been allowed to use the names "Jeffrey Wilens" or "Lakeshore Law Center" as the domain names, the search engines</u>

would not have ranked these offending websites so highly.

26. Pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1117, Plaintiff is entitled to recover equitable relief in the form of an injunction and cancellation of the improper domain names, and damages sustained by Plaintiff.

## SECOND CAUSE OF ACTION FOR VIOLATION OF THE ANTI–CYBERSQUATTING PROTECTION ACT (ACPA), 15 U.S.C. § 1125(d)

27. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 26, inclusive.

28. As alleged previously, Defendants registered, trafficked in and used domain names incorporating the personal and business names of Plaintiff, which are distinctive marks, and with the bad faith intent to profit from those marks.

29. Most of the factors set forth in 15 U.S.C. § 1125 (d) (1) (B) (1) militate in favor of finding bad faith, including these facts:

   a) Plaintiff has trademark rights to the domain names;

   b) The domain names consist of the legal name of Plaintiff and of his business;

   c) There is no history of prior use of these domain names by Defendants before October 2013;

   d) Defendants have no bona fide noncommercial or fair use of the marks;

   e) Defendants intended to divert consumers from Plaintiff's legitimate websites to sites controlled by Defendants which were set up to harm the goodwill represented by the marks and to disparage the marks and create confusion;

   f) Doe No. 1 provided false contact information when applying to register the domain names and Defendants knowingly published that false information;

   g) Doe No. 1 registered or set up multiple websites with domain names Defendants

knew were identical or confusingly similar to the marks of Plaintiff and Defendants permitted him to do this.

30. Pursuant to 15 U.S.C. § 1116, 15 U.S.C. § 1117 and 15 U.S.C. § 1125 (d) (1) (C), Plaintiff is entitled to recover equitable relief in the form of an injunction, forfeiture or cancellation of the domain names being used by Doe No. 1 and transfer of same to Plaintiff, and damages sustained by Plaintiff.

31. In the alternative to actual damages, Plaintiff may elect to receive statutory damages of $1,000 to $100,000 per domain name from Defendants.

## **REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests trial by jury.

DATED: May 27, 2014

                Respectfully submitted,

                By     __/s/ Jeffrey Wilens_____

                JEFFREY WILENS
                Attorney and Plaintiff in Pro Se

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendants as follows:

1. For a permanent injunction enjoining Defendants from misusing Plaintiff's trademarks or service marks and cancellation of domain names and/or transfer of them to Plaintiff;

2. For actual damages on the first and second causes of action in an amount according to proof;

3. For statutory damages of $100,000 for each domain name that was misused as alleged above on the second cause of action;

4. For interest on the sum of money awarded as damages;

5. For costs of suit incurred herein; and

6. For such other and further relief as the court may deem proper.

DATED: May 27, 2014

                          Respectfully submitted,

                          By      __/s/ Jeffrey Wilens_____

                                  JEFFREY WILENS
                                  Attorney and Plaintiff in Pro Se