DURIE TANGRI LLP
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant
AUTOMATTIC INC.

KEKER & VAN NEST LLP
ASHOK RAMANI - # 200020
aramani@kvn.com
SIMONA A. AGNOLUCCI - # 246943
sagnolucci@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
GOOGLE INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY WILENS dba LAKESHORE LAW CENTER,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATTIC INC., GOOGLE INC., and Does 1 through 100,<br><br>Defendants. | Case No. 3:14-cv-02419-LB<br><br>**DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: August 21, 2014<br>Time: 9:30 a.m.<br>Ctrm: C - 15th Floor<br>Judge: Honorable Laurel Beeler |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 21, 2014 at 9:30 a.m., or as soon thereafter as the Court may order, in Courtroom C, 15th Floor of the U. S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Laurel Beeler, Defendant Automattic Inc. by its attorneys Durie Tangri LLP, and Defendant Google Inc., by its attorneys Keker & Van Nest, will move and hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's First Amended Complaint against Automattic and Google with prejudice.

This Motion is based upon this Notice of Motion and Memorandum, the Amended Complaint and other pleadings on file in this matter, the arguments of counsel, and such other and further matter as the Court may consider.

# TABLE OF CONTENTS

|  | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| III. | ARGUMENT | | 3 |
| | A. | The Amended Complaint Does Not State a Claim for Trademark Infringement Against Automattic or Google. | 3 |
| | | 1. The use of Wilens' name in connection with websites that sharply criticize him is *per se* not trademark infringement. | 3 |
| | | 2. The Amended Complaint does not allege facts leading to the conclusion that Automattic or Google, as opposed to Doe No. 1, engaged in any use of Wilens' name. | 5 |
| | | 3. Amendment is futile because there is no secondary trademark liability for those who operate a service on which others choose allegedly infringing website names. | 6 |
| | B. | The Amended Complaint Does Not State a Claim for Violation of the Anti-Cybersquatting Consumer Protection Act Against Automattic or Google. | 7 |
| | | 1. Using a trademark in the domain name for a site critical of the trademark holder is not actionable under the ACPA. | 8 |
| | | 2. Third-level domain names like "attorneyjeffreywilens.wordpress.com" are not "domain names" susceptible to ACPA claims. | 8 |
| | | 3. The Amended Complaint does not allege facts leading to the conclusion that Automattic and Google registered, trafficked in, or used the names at issue. | 9 |
| | | 4. Amendment is futile because there is no secondary liability under the ACPA. | 10 |
| | C. | The Complaint Does Not Plausibly Allege That Automattic and Google are the Alter Egos of Doe No. 1. | 11 |
| IV. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acad. of Motion Picture Arts & Sciences v. Network Solutions Inc.*,
  989 F. Supp. 1276 (C.D. Cal. 1997) ..........................................................................................6

*Aviva USA Corp. v. Vazirani*,
  902 F. Supp. 2d 1246 (D. Ariz. 2012) .......................................................................................8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................9, 11

*Bird v. Parsons*,
  289 F.3d 865 (6th Cir. 2002) .....................................................................................................6

*Bosley Med. Inst., Inc. v. Kremer*,
  403 F.3d 672 (9th Cir. 2005) .............................................................................................3, 4, 7

*Cleary Bldg. Corp. v. David A. Dame, Inc.*,
  674 F. Supp. 2d 1257 (D. Colo. 2009) ......................................................................................4

*Farah v. Esquire Magazine*,
  736 F.3d 528 (D.C. Cir. 2013) ..................................................................................................4

*GoForIt Enm't, LLC v. DigiMedia.com L.P.*,
  750 F. Supp. 2d 712 (N.D. Tex. 2010) ......................................................................................9

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ...................................................................................................5

*Lamparello v. Falwell*,
  420 F.3d 309 (4th Cir. 2005) .................................................................................................4, 8

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
  141 F. Supp. 2d 648 (N.D. Tex. 2001) ....................................................................................10

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
  985 F. Supp. 949 (C.D. Cal. 1997),
  *aff'd*, 194 F.3d 980 (9th Cir. 1999)...............................................................................5, 6, 7

*Lucas Nursery & Landscaping, Inc. v. Grosse*,
  359 F.3d 806 (6th Cir. 2004) .....................................................................................................8

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
  737 F.3d 546 (9th Cir. 2013) ...................................................................................................10

*Size, Inc. v. Network Solutions, Inc.*,
  255 F. Supp. 2d 568 (E.D. Va. 2003) ........................................................................................7

*Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty.*,
  CV F 09-1988 LJO SMS, 2010 WL 843131 (E.D. Cal. Mar. 10, 2010) ...................................4

iii

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

*Taubman Co. v. Webfeats*,
  319 F.3d 770 (6th Cir. 2003) ..........................................................................................4

*TMI, Inc. v. Maxwell*,
  368 F.3d 433 (5th Cir. 2004) .......................................................................................4, 8

*United Drug Co. v. Theodore Rectanus Co.*,
  248 U.S. 90 (1918).........................................................................................................3

*Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*,
  527 F.3d 1045 (10th Cir. 2008) .....................................................................................4

**Statutes**

15 U.S.C. § 1117(a)(3)..........................................................................................................12

15 U.S.C. § 1125(a) ..........................................................................................................7, 8

15 U.S.C. § 1125(a)(1)...................................................................................................5, 6, 7

15 U.S.C. § 1125(d) ..........................................................................................................7, 8

15 U.S.C. § 1125(d)(1)(A).....................................................................................................7

15 U.S.C. § 1125(d)(1)(D)...................................................................................................10

15 U.S.C. § 1125(d)(1)(E)...................................................................................................10

15 U.S.C. § 1127..............................................................................................................8, 9

**Other Authorities**

145 Cong. Rec. 14986, 15025 (1999) ....................................................................................9

S. Rep. No. 106-140................................................................................................................7, 8

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................................................................1

iv

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

Defendants Automattic Inc. and Google Inc. respectfully move for an order dismissing Plaintiff's First Amended Complaint, ECF No. 23, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The grounds supporting this motion are set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Somebody doesn't like Jeffrey Wilens. That person—let's call him "Doe No. 1"—has created a number of websites, and the complaint alleges that those websites "disparage" Mr. Wilens. Some of those websites were created using the Wordpress.com hosting service offered by Defendant Automattic Inc., and one was created on Blogger, a blog hosting service owned by Google. Mr. Wilens now brings claims not just against Doe No. 1 for using the names "Jeffrey Wilens" and "Lakeshore Law Center" in the names of critical websites, but also against Automattic and Google because they "allowed" Doe No. 1 to choose those names.

As set forth below, using the name "Jeffrey Wilens" for the purpose of criticizing Jeffrey Wilens does not violate the trademark laws, and letting a user establish a critical website at an address like "attorneyjeffreywilens.wordpress.com," as Automattic and Google are alleged to have done, is even farther removed from potential trademark claims. The claims against Automattic and Google should be dismissed without leave to amend.

### II. FACTUAL BACKGROUND

The Amended Complaint alleges that an unknown person, Doe No. 1, created a number of websites "with intent to tarnish or disparage" Mr. Wilens' name and that of his firm,[1] and "to harm the goodwill represented" by those names.[2] The Amended Complaint identifies five websites which form the basis for its claims against Automattic: "lakeshorelawcenter.wordpress.com; attorneyjeffreywilens. wordpress.com; jeffreywilenslawyer.wordpress.com; unitedvictimsofjeffreywilens.wordpress.com; and

---

[1] Am. Compl. ¶ 17.

[2] Am. Compl. ¶ 28(e).

1

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

jeffreywilenslakeshorelaw.wordpress.com."[3] The Amended Complaint identifies one website that forms the basis for its claims against Google: "jeffreywilens.blogspot.com."[4]

Those websites contain sharp criticism of Mr. Wilens and his firm. They allege that Lakeshore Law Center is populated by "Class Action Scammers" who are "Fighting for Greed, rather than justice."[5] They allege that Mr. Wilens makes "unethical moves" and is a "Law Firm Scam Artist."[6] They call him "an unscrupulous individual."[7] They allege that Mr. Wilens "will sue anybody for a dollar"[8] and "fabricates misconduct by corporations."[9] They say that Mr. Wilens is one of "the type of people who are breaking the American society by becoming Litigious."[10] They say that "Jeffrey Wilens is an unethical plaintiffs' attorney"[11] and "an ambulance chaser,"[12] that he "ranks lower than a pile of excrement."[13]

The Amended Complaint does not allege that Automattic or Google chose the names of those websites or provided any of their content. Instead, the Amended Complaint alleges that "Doe No. 1 created an account with AUTOMATTIC, INC. so that he could create Wordpress-hosted websites" and that "Doe No. 1 was allowed by this defendant to use the trademarked names in prominent fashion.[14] "Specifically, Doe No. 1 was allowed by AUTOMATTIC, INC. to create websites using the names"

---

[3] Am. Compl. ¶ 18.

[4] Am. Compl. ¶ 19.

[5] Declaration of Joseph C. Gratz in Support of Motion to Dismiss ("Gratz Decl."), filed concurrently herewith, Ex. A (http://lakeshorelawcenter.wordpress.com) at 1.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] Gratz Decl. Ex. B (http://attorneyjeffreywilens.wordpress.com) at 4.

[9] Gratz Decl. Ex. C (http://jeffreywilenslakeshorelaw.wordpress.com) at 1.

[10] Gratz Decl. Ex. D (http://unitedvictimsofjeffreywilens.wordpress.com) at 1.

[11] Gratz Decl. Ex. E (http://jeffreywilenslawyer.wordpress.com) at 1.

[12] Gratz Decl. Ex. F (http://jeffreywilens.blogspot.com) at 1.

[13] *Id.*

[14] Am. Compl. ¶ 18.

complained of. It similarly alleges that Doe No. 1 "created an account with Google Inc. which allowed him to created [sic] a Blogger hosted website using the name jeffreywiens.blogspot.com."[15] Other than the allegations that Automattic and Google are based in this District and "host[] all the websites operating under the 'Wordpress.com' domain name," or "under the 'Blogger' domain name,"[16] that is the sum total of the allegations in the Amended Complaint regarding Automattic and Google (as opposed to "Defendants" generally).

**III. ARGUMENT**

    **A. The Amended Complaint Does Not State a Claim for Trademark Infringement Against Automattic or Google.**

        **1. The use of Wilens' name in connection with websites that sharply criticize him is *per se* not trademark infringement.**

"[T]he noncommercial use of a trademark as the domain name of a website—the subject of which is consumer commentary about the products and services represented by the mark—does not constitute infringement under the Lanham Act." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 674 (9th Cir. 2005). That is the end of the matter. The *Bosley* case presents facts virtually identical to those pleaded in the Amended Complaint. A dissatisfied hair-replacement patient of Bosley Medical established a website at www.bosleymedical.com and populated it with "information that is highly critical of Bosley." *Bosley*, 403 F.3d at 675. The website sold no goods or services and did not direct visitors to Bosley's competitors. For that reason, the Ninth Circuit held that www.bosleymedical.com did not make use of the BOSLEY MEDICAL trademark in connection with the defendant's goods or services, as the Lanham Act requires. *See Bosley*, 403 F.3d at 679 (limiting liability under the Lanham Act "to cases where a defendant is trying to profit from a plaintiff's trademark"). The Court of Appeals reasoned that excluding noncommercial criticism from the ambit of trademark infringement liability was necessary because the Supreme Court has ruled that a trademark's "function is simply to designate the goods as the product of a particular trader and to protect his good will against the sale of another's product as his." *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 97 (1918) (quoted in *Bosley*, 403 F.3d at 679).

---

[15] Am. Compl. ¶ 19.

[16] Am. Compl. ¶¶ 2-3, 14-15.

3

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

The court observed that the operator of www.bosleymedical.com "is not Bosley's competitor; he is their critic." *Id.* "His use of the Bosley mark is not in connection with a sale of goods or services—it is in connection with the expression of his opinion *about* Bosley's goods and services." *Id.*

The Ninth Circuit is not alone in holding that trademark law permits the use of domain names that identify the targets of criticism. *See, e.g.*, *Lamparello v. Falwell*, 420 F.3d 309 (4th Cir. 2005) (use of domain name "fallwell.com" for site criticizing Jerry Falwell did not violate Lanham Act); *TMI, Inc. v. Maxwell*, 368 F.3d 433, 435 (5th Cir. 2004) (use of domain name "trendmakerhome.com" for site criticizing TrendMaker Homes did not violate the Lanham Act); *Taubman Co. v. Webfeats*, 319 F.3d 770, 776 (6th Cir. 2003) (use of domain name "shopsatwillowbend.com" for site criticizing The Shops at Willow Bend did not violate the Lanham Act); *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1057 (10th Cir. 2008) (use of domain name "utahlighthouse.com" for site criticizing Utah Lighthouse Ministry did not violate Lanham Act).

A claim alleging that consumer criticism of the mark owner constitutes trademark infringement is subject to dismissal at the pleadings stage. *Cleary Bldg. Corp. v. David A. Dame, Inc.*, 674 F. Supp. 2d 1257, 1268 (D. Colo. 2009) (granting defendant's motion to dismiss). To state a claim under the Lanham Act, a complaint must plead facts giving rise to "a reasonable inference that the defendant used the plaintiff's mark 'in connection with any goods or services.'" *Id.* Where it is apparent from the documents referenced in the complaint that the "offending websites offered critical commentary about the trademark owner, and the use of the trademark was separated from any goods or services offered for sale, the Plaintiff "has not pled sufficient facts to support a claim of trademark infringement." *Id. See also, e.g.*, *Farah v. Esquire Magazine*, 736 F.3d 528 (D.C. Cir. 2013) (affirming grant of motion to dismiss trademark claim against website critical of mark owner); *Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty.*, CV F 09-1988 LJO SMS, 2010 WL 843131 (E.D. Cal. Mar. 10, 2010) (granting motion to dismiss trademark claim because allegedly infringing use was not "in a commercial or competitive context").

Like the "gripe sites" in *Bosley*, *Lamparello*, *TMI*, *Taubman*, and *Utah Lighthouse Ministry*, the use of "Jeffrey Wilens" and "Lakeshore Law Center" alleged in the Amended Complaint is a use for the purpose of criticizing the Plaintiff, not a use "on or in connection with any goods or services." 15 U.S.C.

§ 1125(a)(1). This is plain from the face of the websites identified in the Amended Complaint as the basis for Plaintiff's claim.[17] The websites do not claim to emanate from Jeffrey Wilens or Lakeshore Law Center; instead, they sharply criticize Jeffrey Wilens and Lakeshore Law Center. The websites do not offer goods or services which compete with Wilens'; rather, they express a particular point of view about those services. As a matter of law, there can be no claim for violation of 15 U.S.C. § 1125(a)(1) based on the facts pleaded in the Amended Complaint.

### 2. The Amended Complaint does not allege facts leading to the conclusion that Automatic or Google, as opposed to Doe No. 1, engaged in any use of Wilens' name.

Plaintiff's trademark infringement claim fails for a second, independent reason: even if the Amended Complaint alleges trademark infringement, it does not allege trademark infringement by Automattic or Google. The Amended Complaint does not allege that Automattic or Google chose the name "attorneyjeffreywilens.wordpress.com," "blogspot.jeffreywilens.com," or any of the other names about which Wilens complains. Instead, the Amended Complaint alleges that a third party, Doe No. 1, "was allowed by [Automattic] to use the trademarked names in a prominent fashion" and was "allowed" by Automattic and Google to create websites using the names complained of. Am. Compl. ¶¶ 18-19.

In order to state a claim under 15 U.S.C. § 1125(a)(1), the Amended Complaint must allege that, among other things, the defendant itself "*uses* in commerce any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion." A defendant that is alleged to have chosen a name and posted content accessible on the web at that address has "used" a name, but a defendant that is alleged to have allowed a third party to choose a particular name for their web address has not "used" that name. *See, e.g.*, *Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 957 (C.D. Cal. 1997), *aff'd*, 194 F.3d 980 (9th Cir. 1999) ("By accepting registrations of domain names containing the words 'skunk works,' NSI is not using the SKUNK WORKS mark in connection with the sale, distribution or advertising of goods and services."); *Bird v. Parsons*, 289 F.3d 865, 879 (6th Cir.

---

[17] Because these websites are referenced by name in the Amended Complaint and form the basis for Plaintiff's claims, they may be considered in adjudicating a motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering the contents of a web page referenced in but not attached to the complaint).

5

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

2002) (dismissing § 1125(a)(1) claim for failure to state a claim where defendant was alleged to have allowed a third party to choose a particular domain name); *Acad. of Motion Picture Arts & Sciences v. Network Solutions Inc.*, 989 F. Supp. 1276, 1280 (C.D. Cal. 1997) (denying motion for preliminary injunction against domain name registrar on the ground that allowing a third party to choose a particular domain name was not "use" of a trademark).

Automattic and Google are in the same position as the domain name registrars in those cases. Automattic and Google did not choose the website names at issue, but instead are alleged to have allowed a customer to choose those names and to use them to point to websites. Doe Number 1 is alleged to have engaged in "use" of the terms "Jeffrey Wilens" and "Lakeshore Law Center," but Automattic and Google are not. For that reason, although the Amended Complaint alleges use "on or in connection with any goods or services" by *someone*, it does not allege that Automattic or Google "used" the trademarks at issue. This provides a second independent ground for dismissal of the § 1125(a)(1) claim against Automattic and Google.

### 3. Amendment is futile because there is no secondary trademark liability for those who operate a service on which others choose allegedly infringing website names.

The Amended Complaint alleges only direct violation of § 1125(a)(1), not contributory liability for violation of that section by someone who does not himself "use" a mark. Amendment to add such a claim as to Automattic or Google would be futile under binding Ninth Circuit precedent.

The Ninth Circuit considered the liability of a service provider who, like Automattic and Google, allows customers to select identifying names for their websites in *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999). In *Lockheed*, the plaintiff owned rights in the mark SKUNKWORKS, and the defendant had allowed one of its customers to register skunkworks.com. The court considered whether, on those facts, the defendant had "[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark," which was required in order to claim contributory infringement. *Id.* at 984. The Ninth Circuit held that simply allowing a customer to select a particular name did not involve such "direct control and monitoring" of infringement, because "[w]here domain names are used to infringe, the infringement does not result from [the registrar's] publication of the domain name list, but from the registrant's use of the name on a web site or other

Internet form of communication in connection with goods or services." *Id.* at 985 (quoting district court opinion with approval). *See also, e.g.*, *Size, Inc. v. Network Solutions, Inc.*, 255 F. Supp. 2d 568, 573 (E.D. Va. 2003) (granting motion to dismiss contributory trademark infringement claim against domain name registrar).

The Amended Complaint alleges that Automattic and Google "allowed" Doe No. 1 to create websites with certain names. Am. Compl. ¶¶ 18-19. As in *Lockheed*, the Amended Complaint does not allege that Automattic and Google selected the names at issue, or that Automattic and Google had direct control or monitoring over any instrumentality used for trademark infringement. Accordingly, the dismissal of the § 1125(a)(1) claim should be without leave to amend.

**B.　The Amended Complaint Does Not State a Claim for Violation of the Anti-Cybersquatting Consumer Protection Act Against Automattic or Google.**

The second cause of action set forth in the Amended Complaint is for violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). The ACPA was enacted to prohibit "the bad-faith and abusive registration of distinctive marks as Internet domain names with the intent to profit from the goodwill associated with such marks—a practice commonly referred to as 'cybersquatting.'" S. Rep. No. 106-140. The ACPA states:

> A person shall be liable in a civil action by the owner of a mark ... if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark ...; and (ii) registers, traffics in, or uses a domain name [that is confusingly similar to another's mark or dilutes another's famous mark].

*Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 680 (9th Cir. 2005) (quoting 15 U.S.C. § 1125(d)(1)(A)) (modifications in original).

As set forth below, the ACPA claim against Automattic and Google fails for four reasons: (1) using a trademark to criticize the trademark holder is not actionable under the ACPA, just as it is not actionable under § 1125(a) as discussed above; (2) the ACPA does not cover third-level domain names; (3) the Amended Complaint does not allege that Automattic and Google registered, trafficked in, or used the names at issue; and (4) amendment is futile because the Ninth Circuit recently ruled that there is no contributory liability under the ACPA.

7

### 1. Using a trademark in the domain name for a site critical of the trademark holder is not actionable under the ACPA.

Just as using a trademark for the purpose of criticism does not violate § 1125(a), it does not violate § 1125(d). *See, e.g.*, *Lamparello v. Falwell*, 420 F.3d 309, 320 (4th Cir. 2005) (no ACPA violation where defendant "employed www.fallwell.com simply to criticize Reverend Falwell's views"); *TMI, Inc. v. Maxwell*, 368 F.3d 433, 435 (5th Cir. 2004) (no ACPA violation where defendant used "trendmakerhome.com" for site criticizing TrendMaker Homes); *Lucas Nursery & Landscaping, Inc. v. Grosse*, 359 F.3d 806, 808 (6th Cir. 2004) (no ACPA violation where defendant used "lucasnursery.com" for website critical of Lucas Nursery); *Aviva USA Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1266-67 (D. Ariz. 2012) (no ACPA violation where defendant used "insideaviva.com" for website critical of plaintiff Aviva). These cases recognize that Congress intended "to balance the property interests of trademark owners with the legitimate interests of Internet users and others who seek to make lawful uses of others' marks, including for purposes such as comparative advertising, comment, criticism, parody, news reporting, fair use, etc." S. Rep. No. 106-140. No reported case has found that the type of use at issue here can give rise to an ACPA claim, and this court should not be the first to do so.

### 2. Third-level domain names like "attorneyjeffreywilens.wordpress.com" are not "domain names" susceptible to ACPA claims.

The ACPA applies to those who undertake certain acts with respect to a "domain name." For purposes of the ACPA, "[t]he term 'domain name' means any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet." 15 U.S.C. § 1127. Congress intended to provide "a narrow definition of the term 'domain name' in order to tailor the bill's reach narrowly to the problem sought to be addressed." S. Rep. No. 106-140. Congress intended that the statutory definition "essentially cover[] the second-level domain names assigned by domain name registration authorities (i.e., the name located immediately to the left of the '.com,' '.net', '.edu,' and '.org' generic top level domains)," rather than "other identifiers not assigned by a domain name registrar or registry." *Id.* The only circumstance in which a third-level subdomain (like "lakeshorelawcenter. wordpress.com" and "jeffreywilens.blogspot.com"), rather than a second-level domain (like

"wordpress.com") could be the subject of an ACPA claim, Congress said, would be if "Internet domain name registrars begin to issue third or fourth level domains," *id.*, which they have not done. "Since registrars only register second level domain names," said ACPA co-sponsor Patrick Leahy, the definition of domain name "under current registration practice, applies only to second level domain names." 145 Cong. Rec. 14986, 15025 (1999). *See GoForIt Enm't, LLC v. DigiMedia.com L.P.*, 750 F. Supp. 2d 712, 724 (N.D. Tex. 2010) (third-level domain names are not "domain names" subject to the ACPA).

The names at issue in Plaintiff's claims against Automattic and Google are:

- lakeshorelawcenter.**wordpress.com**
- attorneyjeffreywilens.**wordpress.com**
- jeffreywilenslawyer.**wordpress.com**
- unitedvictimsofjeffreywilens.**wordpress.com**
- jeffreywilenslakeshorelaw.**wordpress.com**
- jeffreywilens.**blogspot.com**

The "domain names" here are wordpress.com and blogspot.com, domain names owned by Automattic and Google in which Plaintiff does not claim rights. The portions in which Plaintiff claims rights—"lakeshorelawcenter," "unitedvictimsofjeffreywilens," and so on—are not domain names but third-level subdomains, assigned not by a domain name registrar but by Automattic and Google. Because the ACPA does not apply to such third-level subdomains, Plaintiff's ACPA claim as against Automattic and Google fails as a matter of law.

### 3. The Amended Complaint does not allege facts leading to the conclusion that Automatic and Google registered, trafficked in, or used the names at issue.

Liability under the ACPA is imposed only on one who "registers, traffics in, or uses" a domain name. Even if third-level subdomains are regarded as "domain names" under the statute, the ACPA claim nonetheless fails as to Automattic and Google because the Amended Complaint does not allege that they registered, trafficked in, or used any of the names at issue. The Amended Complaint recites the legal conclusion that "Defendants registered, trafficked in and used domain names incorporating the personal and business names of Plaintiff, which are distinctive marks, and with the bad faith intent to profit from those marks." Am. Compl. ¶ 27. But it does no more. That recitation of the legal standard does not meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

9

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

Automattic and Google are not alleged to have "registered" any domain name at issue; even if they were domain names amenable to "registration," the Amended Complaint alleges that Doe No. 1 was the one who chose and "registered" the names at issue. Am. Compl. ¶ 18-19. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 141 F. Supp. 2d 648, 655 (N.D. Tex. 2001) ("The word 'registers,' when considered in context, obviously refers to a person who presents a domain name for registration, not to the registrar.").

Nor are Automattic and Google alleged to have "trafficked in" those names; they simply allowed Doe No. 1 to select those names for websites. *See* 15 U.S.C. § 1125(d)(1)(E) (to "traffic" is to "transfer for consideration or receipt in exchange for consideration," not to allow selection of a name in the first instance).

Automattic and Google also are not liable for "use" of the names at issue, because they are not alleged to have registered or accepted a license pertaining to those names, and the ACPA states that "[a] person shall be liable for using a domain name under [the ACPA] only if that person is the domain name registrant or that registrant's authorized licensee." 15 U.S.C. § 1125(d)(1)(D).

Because no facts are pleaded showing that Automattic or Google "registers, traffics in, or uses" any name at issue, the ACPA claim as against Automattic and Google fails.

### 4. Amendment is futile because there is no secondary liability under the ACPA.

The Amended Complaint pleads a claim for direct violation of the ACPA. As noted in the previous section, however, it does not allege facts supporting its conclusion that Automattic or Google themselves "registered, trafficked in, or used" any domain name at issue, but instead that Automattic and Google "allowed" a third party to use the names at issue. Plaintiff has not pleaded a claim for secondary liability under the ACPA. Amendment to add such a claim would be futile, because the Ninth Circuit recently held that "there is no cause of action for contributory cybersquatting under the ACPA." *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 737 F.3d 546, 554 (9th Cir. 2013).

///

///

///

///

10

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

### C. The Complaint Does Not Plausibly Allege That Automattic and Google are the Alter Egos of Doe No. 1.

As discussed above, there is no plausible claim that Automattic's and Google's actions gave rise to a trademark claim. Plaintiff may argue that Automattic and Google are nonetheless liable as alter egos of Doe No. 1. Paragraph 5 of the Amended Complaint reads:

> Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining Defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining Defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

That boilerplate, which Mr. Wilens appears to include in many of the complaints he drafts,[18] is meaningless. No facts are pleaded to show that Doe No. 1 was the agent of Automattic or Google. As a bare and unsupported legal conclusion, the allegation of alter-ego status and agency cannot be a basis to avoid dismissal with prejudice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.").

///
///
///
///

---

[18] *See, e.g.*, Complaint, *Rainbolt v. Financial Assistance, Inc.*, No. RG12654833 (Alameda County Super. Ct. Nov. 5, 2012) ¶ 5, *available at* http://www.lakeshorelaw.org/uploads/8/4/3/3/8433484/complaint_class_action_filed.pdf; Complaint, *Mingione v. Events & Adventures Cal., Inc.*, No. 30-2012-00547490-CU-BT-CXC (Orange County Super. Ct. Dec. 24, 2012 ¶ 6, *available at* http://www.lakeshorelaw.org/uploads/8/4/3/3/8433484/complaint_first_amended_filed.pdf; *Corbin v. United Law Group, Inc.*, No. 2:09-cv-09334-JST-RNB (C.D. Cal. Dec. 21, 2009 ¶ 34, *available at* http://cdn2.getoutofdebt.org/wp-content/uploads/03119365850.pdf.

11

DEFENDANTS AUTOMATTIC INC. AND GOOGLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT / CASE NO. 3:14-CV-02419-LB

## IV. CONCLUSION

For the foregoing reasons the Complaint should be dismissed with prejudice.[19] Mr. Wilens may or may not have some cause of action against Doe No. 1, but he certainly has no claim against Automattic or Google.

Dated: July 10, 2014							DURIE TANGRI LLP

								By: */s/ Joseph C. Gratz*
								JOSEPH C. GRATZ

								Attorneys for Defendant
								Automattic Inc.

Dated: July 10, 2014							KEKER & VAN NEST

								By: */s/ Simona A. Agnolucci*
								SIMONA A. AGNOLUCCI

								Attorney for Defendant
								Google Inc.

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Joseph C. Gratz, attest that concurrence in the filing of this document has been obtained.

Dated: July 10, 2014							*/s/ Joseph C. Gratz*
								JOSEPH C. GRATZ

---

[19] Automattic and Google believe that this is an "exceptional case" and that an award of fees is appropriate, but will forbear from seeking relief under 15 U.S.C. § 1117(a)(3) until after this motion is decided.

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on July 10, 2014 with a copy of this document via the Court's CM/ECF system.

                                                  */s/ Joseph C. Gratz*
                                                  JOSEPH C. GRATZ