UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JEFFREY WILENS, | No. C 14-02419 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION** |
| v. | |
| AUTOMATTIC INC, et al., | [Re: ECF No. 25, 27] |
| Defendants. | |

## INTRODUCTION

Plaintiff Jeffrey Wilens sued Defendants Automattic, Inc., TLDS LLC, Google, Inc., and Does 1-100 for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), and for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Complaint, ECF No. 1. After voluntarily dismissing TLDS LLC, Mr. Wilens moves, through an administrative motion, for permission to take early discovery. Administrative Motion, ECF No. 25. Automatic, Inc. and Google, Inc. oppose Mr. Wilens's Motion. Opposition, ECF No. 27. Upon consideration of the briefs submitted and the applicable legal authority, the court **DENIES** Mr. Wilens's Administrative Motion.

## STATEMENT

### I. FACTS

Mr. Wilens, an attorney himself, alleges that Doe 1 created various websites and blogs, hosted by Automattic, Inc. and Google, Inc., for the purpose of diverting search engine traffic by Mr.

UNITED STATES DISTRICT COURT
For the Northern District of California

Wilens's clients and potential clients from Mr. Wilens's websites to the websites controlled by Doe 1. FAC, ECF No. 23 at 2. He also alleges that these websites are full of defamatory statements with intent to tarnish or disparage Mr. Wilens's marks and cause him agony. *Id.* Because Mr. Wilens does not know the identity of Doe 1, he requested Automattic, Inc. and Google, Inc. to voluntarily identify and turn over relevant records pertaining to the identity of Doe 1 prior to filing this lawsuit and again in meeting and conferring. Administrative Motion, ECF No. 25 at. 2. Upon Automattic, Inc. and Google, Inc.'s refusal to do so, Mr. Wilens brings this motion to obtain that relief. *Id.* at 2-3.

## II. PROCEDURAL HISTORY

On May 25, 2014, Plaintiff Jeffrey Wilens filed his original complaint against Defendants Automattic, Inc., TLDS LLC, Google, Inc., and Does 1-100 for the aforementioned violations. Complaint, ECF No. 1. All Defendants have been served and have appeared in the action, and all parties have consented to the undersigned's jurisdiction. Per their stipulation with Mr. Wilens, Automattic, Inc. and Google, Inc. have until July 23, 2013 to respond to the Complaint, Stipulation, ECF No. 20, but TLDS LLC filed a motion to dismiss that it noticed for hearing on August 7, 2014, Motion to Dismiss, ECF No. 14.

In response to the motion, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Mr. Wilens filed a First Amended Complaint that dropped TLDS LLC as a defendant to the action and that added a claim for defamation against Doe 1. First Amended Complaint, ECF No. 23; *see* Schwarzer, Tashima & Wagstaffe, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL §§ 8:1386 (amendment under Rule 15 may be used to drop a party), 8:1551 (amended complaint that voluntarily drops a defendant named in the original complaint effectively dismisses that defendant from the action). In light of the First Amended Complaint, the court denied as moot TLDS LLC's motion to dismiss. Order, ECF No. 26. On July 3, 2014, Mr. Wilens filed an Administrative Motion to Shorten Time to Permit Limited Discovery pursuant to Local Rules 6-3 and 7-11. Administrative Motion, ECF No. 25. In response, Automattic, Inc. and Google, Inc. filed an Opposition to Administrative Motion on July 7, 2014. Opposition, ECF No. 27.

**ANALYSIS**

Mr. Wilens seeks an order allowing him to take early discovery. Specifically, he wants to serve on Automattic, Inc. and Google, Inc. interrogatories and requests for production of documents seeking relevant information to identify and locate Doe 1. Administrative Motion, ECF No. 25 at 2. If granted, responses would be due within 15 days of electronic service. *See Id.* Mr. Wilens moves to expedite limited discovery based on Civil Local Rules 6-3 and 7-11 and Federal Rules of Civil Procedure 4(m). *Id.* at 3. The court addresses each grounds for request in turn.

**I. The Relief Sought is Not Available on an Administrative Motion**

Mr. Wilens contends that he has satisfied the requirements of Local Rule 7-11, as he has set forth valid reasons to shorten the time for the commencement of discovery and for the responses thereto. Administrative Motion, ECF No. 25 at 3. Specifically, Mr. Wilens says that he has engaged in efforts to obtain a stipulation to the time change for early discovery, that it may not be possible to identify and serve Doe 1 within 120 days of the May 25, 2014 filing date unless discovery is expedited, that there have been no prior modifications, and that allowing limited early discovery would not create any hardships. *Id.* Automatic, Inc. and Google, Inc. argue that Mr. Wilens seeks relief that is not available on an administrative motion, and that he has not shown that immediate discovery, before adjudication of the motions to dismiss, is appropriate. Opposition, ECF No. 27 at 1.

The court finds that the relief Mr. Wilens seeks is not available through an administrative motion filed pursuant to Local Rule 7-11. Local Rule 7-11 provides:

> "The Court recognizes that during the course of case proceedings a party may require a Court order with respect to *miscellaneous administrative matters*, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example."

L.R. 7-11 (emphasis added).

As Automattic, Inc. and Google, Inc. correctly note, modifying the deadlines set forth in the Federal Rules of Civil Procedure is not the proper subject of an administrative motion because those deadlines are "governed by . . . Federal or local rule." *Id.* The Federal Rules of Civil Procedure provide that discovery may not be served before the Rule 26(f) conference, and that conference must

take place 21 days before the Initial Case Management Conference. Fed. R. Civ. P. 26(f)(1).

In support of his reasoning, Mr. Wilens cites to cases where courts usually permit early discovery to identify Doe Defendants. *See* Administrative Motion, ECF No. 25 at 3-4. However, these cases do not support the use of administrative motions, as Mr. Wilens purports, but rather indicate that such motions should be noticed on a normal schedule. For example, in *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500 (N.D. Cal. 2011), the absence of Defendants in the case to oppose any of Plaintiff's motions provided a basis for the court to grant Plaintiff's ex parte application for leave to take limited early discovery. Likewise, in *Millennium TGA, Inc. v. Does 1-21*, 11-2258 SC, 2011 WL 2976883 (N.D. Cal. July 22, 2011), the court granted Plaintiff's ex parte application to serve ordinary Rule 45 subpoenas on a normal schedule, not an administrative motion to expedite discovery. None of the cases that Mr. Wilens refers to provide support for the proposition that an administrative motion is the appropriate vehicle for seeking such relief when, as here, the parties from whom the discovery is sought have appeared in the action. Furthermore, because Mr. Wilens's motion addresses a matter otherwise governed by the Federal Rules of Civil Procedure and this court's Order Setting Initial Case Management Conference, a request for expedited discovery may not be filed as an administrative motion. Therefore, the court denies Mr. Wilens's Administrative Motion to the extent it is based on Local Rule 7-11.

**II. Seeking Early Discovery Does Not Constitute a Motion to Change Time**

In the alternative, Mr. Wilens moves to expedite discovery pursuant to Local Rule 6-3, which governs motions to enlarge or shorten time. Local Rule 6-3 directly correlates with Federal Rules of Civil Procedure 6, which governs computing and extending time periods set forth within those Rules. Mr. Wilens's motion does not seek to extend or shorten any time period computed under Rule 6, but rather seeks to serve discovery that would otherwise be prohibited under Rule 26(d)(1). Because a motion for an order permitting expedited discovery does not relate to a time period computed under Rule 6, it must be filed as a regularly-noticed motion. Accordingly, the court denies Mr. Wilsens's motion to the extent it is based on Local Rule 6-3.

**III. Mr. Wilens's Circumstances Do Not Justify Early Discovery**

Lastly, Mr. Wilens claims he has identified substantial harm or prejudice that would occur if

relief is not granted under the limitations set forth in Federal Rules of Civil Procedure 4(m), which provides in relevant part, "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, Mr. Wilens neglects the fact that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See Id.* As Automattic, Inc. and Google, Inc. correctly point out, Mr. Wilens has until September 22, 2014 to serve Doe 1. Opposition, ECF. No. 27 at 3. In the event that Mr. Wilens is not able to serve Doe 1 by that date, he may ask the court to extend the time for service if he is able to show good cause and demonstrate that he has worked diligently in seeking Doe 1's identity to no avail. Accordingly, the court rejects Mr. Wilens's argument that substantial harm or prejudice would occur if relief is not granted.

The court will first resolve the motions to dismiss to determine who is subject to party discovery and who is not. Thereafter, Mr. Wilens may serve appropriate discovery on the remaining issues in the case.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Mr. Wilens's Administrative Motion to shorten time to allow early discovery.

This disposes of ECF No. 25.

**IT IS SO ORDERED.**

Dated: July 16, 2014

_____
LAUREL BEELER
United States Magistrate Judge