UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JEFFREY WILENS,<br><br>    Plaintiff,<br>  v.<br><br>AUTOMATTIC INC, et al.,<br><br>    Defendants.<br>_____/ | No. C 14-02419 LB<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DOE 1 BY EMAIL**<br><br>[Re: ECF No. 45] |

## INTRODUCTION

On May 25, 2014, Plaintiff Jeffrey Wilens filed a complaint against Defendants Automatic, Inc., TLDS LLC, Google, Inc., and Does 1-100 for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), and for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). (Original Complaint, ECF No. 1.[1]) Automatic, TLDS, and Google have been dismissed from this action, and now Mr. Wilens is attempting to identify and serve Doe 1. Mr. Wilens now moves for leave to serve Doe 1 by email or, alternatively, by publication. (Motion, ECF No. 45.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the February 5, 2015 hearing date. Upon consideration of Mr. Wilens's motion, the declarations and evidence he filed in support of it, and the applicable authority,

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

the court grants his motion and allows him to serve Doe 1 by email.[2]

**STATEMENT**

**I. MR. WILENS'S ALLEGATIONS**

Plaintiff Jeffrey Wilens is an attorney specializing in consumer and employment law. (First Amended Complaint ("FAC"), ECF No. 23 ¶¶ 1, 8, 11.) The name of his law firm is Lakeshore Law Center. (*Id.* ¶¶ 10-11.) He is the only attorney in the United States with his and his law firm's name. (*Id.* ¶ 11.) He maintains websites at www.lakeshorelaw.org and www.creditrepairdebt.org. (*Id.* ¶ 10.) He holds trademark rights in the marks JEFFREY WILENS and LAKESHORE LAW CENTER and has spent tens of thousands of dollars advertising and promoting his personal and business name. (*Id.* ¶¶ 9, 13.)

Mr. Wilens alleges that Doe 1 created, at Defendants' allowance, seven websites that violate his rights in the JEFFREY WILENS and LAKESHORE LAW CENTER marks and tarnish and disparage him and his law practice. (*See id.* ¶¶ 14-20.) TLDS is the domain name registrar for one of those websites: www.jeffreywilens.com. (*Id.* ¶¶ 16, 20.) Google hosts another one: jeffreywilens.blogspot.com. (*Id.* ¶¶ 15, 19.) The other five websites—lakeshorelawcenter.wordpress.com; attorneyjeffreywilens.wordpress.com; jeffreywilenslawyer.wordpress.com; unitedvictimsofjeffreywilens.wordpress.com; and jeffreywilenslakeshorelaw.wordpress.com—are hosted by Automattic. (*Id.* ¶¶ 14, 18.) Those websites criticize Mr. Wilens and his firm. (*See id.* ¶¶ 33 (Doe 1 "stated that 'Jeffrey Wilens is engaging in the same activity that many lawyers, disbarred and/or jailed were engaging in.'"), 36 (Doe 1 "stated [that] 'JEFFREY WILENS IS USING SAME TACTICS [sic] AS ATTORNEY'S [sic] WHO HAVE BEEN JAILED AND DISBARRED. Many lawyers using the same unethical tactics as Jeffrey Wilens and [sic] have been disbarred and jailed. Jeffrey Wilens [sic] unethical moves will catch up to him and he will be next to be disbarred.'"), 38 (Doe 1 "stated [that] 'Jeffrey Wilens gets the millions while his clients the "victims" get nothing.'"), 39 (Doe 1 "stated [that]

---

[2] Along with his motion for leave to serve Doe 1 by email, Mr. Wilens also filed a motion to shorten the time for hearing his motion for leave. Motion to Shorten Time, ECF No. 46. Because the court in this order finds that a hearing is not necessary and grants Mr. Wilens's motion for leave to serve Doe 1 by email, the court denies as moot Mr. Wilens's motion to shorten time.

'Jeffrey Wilens makes up victims for his baseless class action suit.'"), 40 (Doe 1 "created and published a false review from supposedly an actual client" of Mr. Wilens, and the review stated that Mr. Wilens "contacted me and asked me to be a victim in one of his frivolous litigation against a major corporation").) The websites also link to articles about "lawyers who have committed various crimes" or have been disbarred. (*Id.* ¶¶ 34, 36.) Mr. Wilens alleges that all of Doe 1's statements are false and defamatory and that Doe 1's websites have "no legitimate purpose for using [Mr. Wilens's] personal or business name in" their domain names. (*See id.* ¶¶ 21, 32, 35, 37-40.)

Mr. Wilens alleges that Doe 1 "admitted [that] his goal was to cause [Mr. Wilens] to suffer 'agony,'" and the statements were made intentionally and maliciously with the intent to cause pain and suffering and to "destroy [Mr. Wilens's] professional reputation and to cause him to lose clients." (*Id.* ¶ 42.) Mr. Wilens also alleges that Doe 1 created the websites "for the purposes of diverting search engine traffic by clients and potential clients of [Mr. Wilens] from [Mr. Wilens's] websites controlled by" Doe 1, and that Doe 1 "did this for purposes of commercial gain and with intent to tarnish and disparage [Mr. Wilens's] marks by creating likelihood of confusion." (*Id.* ¶ 17.) Mr. Wilens also alleges that Defendants were aware that their actions were and are contributing to Doe 1's trademark infringement because on March 3, 2014 he provided to them written notice with specific information describing the infringement and their role in perpetrating it. (*Id.* ¶ 22.) Each Defendant responded in writing that it would not take any action absent an order from a court of competent jurisdiction. (*Id.*) Mr. Wilens also alleges that if Defendants had not allowed Doe 1 to use JEFFREY WILENS or LAKESHORE LAW CENTER in the domain names of the websites, search engines would have placed them so prominently upon a search of those terms. (*Id.* ¶ 24.)

**II. PROCEDURAL HISTORY**

On May 25, 2014, Mr. Wilens filed his original complaint against Automatic, Google, and TLDS LLC for trademark infringement and cybersquatting. (*See* Original Complaint, ECF No. 1.) In response to TLDS's motion to dismiss, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), on July 1, 2014, Mr. Wilens filed a First Amended Complaint that dropped TLDS as a defendant to the action, realleged his claims for trademark infringement and cybersquatting against Automatic, Google, and Doe 1, and added a claim for defamation against Doe 1. (*See* FAC, ECF

No. 23; *see also* Schwarzer, Tashima & Wagstaffe, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL §§ 8:1386 (amendment under Rule 15 may be used to drop a party), 8:1551 (amended complaint that voluntarily drops a defendant named in the original complaint effectively dismisses that defendant from the action).) In light of the First Amended Complaint, the court denied as moot TLDS LLC's motion to dismiss. (*See* Order, ECF No. 26.)

Then, on July 10, 2014, Automattic and Google jointly filed a motion to dismiss the First Amended Complaint. (*See* Motion, ECF No. 28.) Mr. Wilens filed an opposition on July 24, 2014. (*See* Opposition, ECF No. 30.) On July 31, 2014, Mr. Wilens and Google filed a stipulation dismissing with prejudice Mr. Wilens's claims against Google, and Automatic filed a reply. (*See* Stipulation of Dismissal, ECF No. 31; Reply, ECF No. 32.) On September 10, 2014, Mr. Wilens's voluntarily dismissing without prejudice his claims against Automattic. (Voluntary Dismissal, ECF No. 35.) The court then dismissed the pending motion to dismiss as moot. (9/12/2014 Order, ECF No. 37.) Thus, only Doe 1 remains as a defendant to this action.

Since that time, Mr. Wilens has been diligently attempting to identify and locate Doe 1 so that he may serve him or her. In support of his motion for leave to serve Doe 1 by email or, alternatively, by publication, Mr. Wilens states (and provides evidence to show) that he has taken the following steps:

- Mr. Wilens served a subpoena on TLDS, the registrar listed for jeffreywilens.com. According to documents provided by TLDS, the website was registered on December 9, 2013, and the person listed as the registrant is Konstantin Petrov at address "Montazhnikov 24, Sankt-Peterburg, 190000, Russia, 9.812-000-0000." The registrant's listed email address is jeffypetrov@mail.ru. Mr. Wilens has never represented a client or sued a person or company with an officer or director named "Konstantin Petrov" or "Jeffy Petrov." Mr. Wilens determined that the address Montazhnikov 24 appears in a number of Russian cities but does not appear in Saint Petersburg, that the "postal code" 19000 is for Kaniv in the Ukraine, and is not in Saint Petersburg. (12/26/2014 Wilens Decl., ECF No. 45 at 24 ¶¶ 14-16; 2/3/2015 Wilens Decl., Ex. 1, ECF No. 52 at 6-9.)

- Mr. Wilens determined that the IP address hosting jeffreywilens.com is 217.112.35.87. An

Internet search at w3bin.com, a tool that analyzes where websites are hosted, shows that the website is hosted in a server located in Russia and owned by Utransit International Carrier Limited. (12/26/2014 Wilens Decl., ECF No. 45 at 25 ¶ 17.)

- Mr. Wilens did, however, successfully correspond with someone at the email address jeffypetrov@mail.ru. In June 2014, Mr. Wilens sent an email to that address complaining about the trademark violations. On July 16, 2014, a person responded to the email using the jeffypetrov@mail.ru email address. Mr. Wilens and that person then had a series of email communications, in which Mr. Wilens told the person that the websites and blogs were violating his trademarks and were defamatory, and the person defended the accuracy of contents of the websites and blogs and repeated many of the allegedly defamatory statements. The instant lawsuit was specifically discussed. The person stated on August 13, 2014: "Your lawsuit is baseless so go ahead and make our day and continue to fight it. We are only posting the truth." At one point, the person stated that he or she wanted Mr. Wilens to dismiss one or more pending class actions that Mr. Wilens is prosecuting. In exchange, the person said that he or she would stop posting information about Mr. Wilens and would transfer the website's domain name to him. These discussions never went anywhere because the person would not specifically identify which class action or actions he or she wanted dismissed. In total, the person used the jeffypetrov@mail.ru email address to send Mr. Wilens at least 20 emails between July 16, 2014 and December 20, 2014. (12/26/2014 Wilens Decl., ECF No. 45 at 23-24 ¶¶ 10, 13; 2/3/2015 Wilens Decl., Ex. 2, ECF No. 52 at 10-31.)

- According to the TLDS records, Doe 1 switched the registrar for jeffreywilens.com from TLDS to Enom.com on August 3, 2014. The listed registrant is not "Konstantin Petrov" but instead is "Anonymous Speech, 1-3-3 Sakura House, Tokyo, JP 169-0072." According to the website www.anonymousspeech.com, Anonymous Speech is a company that helps website owners and email senders conceal their identity. Anonymous Speech's website states that it will not disclose the identity of its members who use it to send anonymous emails or to have domains and websites hosted and that it will not respond to inquiries or subpoenas. Enom's listed email address to report abuse is abuse@enom.com. Mr. Wilens submitted a complaint to that email

1  address but Enom responded that it could not do anything to help him.  (12/26/2014 Wilens

2  Decl., ECF No. 45 at 25 ¶ 18; 2/3/2015 Wilens Decl., Ex. 1, ECF No. 52 at 6-9.)

3  • The www.lakeshorelawcenter.com website is similarly protected.  According to

4  www.networksolutions.com, the listed registrar is "Reg.RU LLC," a Russian domain registration

5  company.  Mr. Wilens emailed an abuse report to that company but it took no action.  The

6  registrant's identity is hidden by PrivacyProtect.org, a company in Australia similar to the

7  Anonymous Speech company described above.  Mr. Wilens emailed an abuse report to that

8  company but it would not reveal the identity of the registrant.  (12/26/2014 Wilens Decl., ECF

9  No. 45 at 25-26 ¶ 19.)

10 • Mr. Wilens determined that the IP address hosting www.lakeshorelawcenter.com is

11 217.112.35.87, which is the same IP address that hosts jeffreywilens.com.  (12/26/2014 Wilens

12 Decl., ECF No. 45 at 25-26 ¶ 20.)

13 • Mr. Wilens served a subpoena on Google regarding jeffreywilens.blogspot.com.  According to

14 the information produced in response, the blog was created on December 17, 2013, and the listed

15 name of the owner is "Johnny Troll."  The email address associated with the blog is

16 johnytroll2@gmail.com.  (12/26/2014 Wilens Decl., ECF No. 45 at 26 ¶ 22; 2/3/2015 Wilens

17 Decl., Ex. 3, ECF No. 52 at 32-38.)

18 • Mr. Wilens served a subpoena on Automattic regarding lakeshorelawcenter.wordpress.com,

19 attorneyjeffreywilens.wordpress.com, jeffreywilenslawyer.wordpress.com,

20 unitedvictimsofjeffreywilens.wordpress.com, and jeffreywilenslakeshorelaw.wordpress.com.

21 According to the information produced in response, the blogs were created in December 2013

22 and January 2014.  The names of the blog owners are not listed, but the email address associated

23 with the blogs is johnnytroll2@mail.ru.  (12/26/2014 Wilens Decl., ECF No. 45 at 26 ¶ 23;

24 2/3/2015 Wilens Decl., Ex. 4, ECF No. 52 at 39.)

25 • The IP address 66.240.210.100 was used to create jeffreywilens.blogspot.com and three of the

26 five Wordpress blogs.  However, 22 different IP addresses were used to create the other blogs or

27 to make posts on the blogs.  Based on Mr. Wilens's search on who.is, the vast majority of the IP

28 addresses used to post blog entries are owned by Nobis Technology Group, LLC. and Cari.net.

(12/26/2014 Wilens Decl., ECF No. 45 at 26-27 ¶¶ 25-26.)

- Mr. Wilens served subpoenas on Nobis Technology and Cari.net. Both companies produced documents showing that the IP addresses were associated with a subscriber named "Brent Hather." One set of documents listed Brent Hather's address as 16192 Coastal Highway, Lewes, Delaware 19958, his phone number as 866-343-6722, and his email address as bhather@gmail.com. The other set of documents listed his address as 7770 Regents Road, San Diego, California 92122, his phone number as 866-343-6722, and his email address as tech@myprivacytools.com. This contact information is associated with a Delaware corporation named My Privacy Tools, Inc., which is located in San Diego, California. According to its website, My Privacy Tools, Inc. sells Windows software that includes an IP proxy program that allows its customers to engage in "anonymous web surfing" and "send anonymous emails." (12/26/2014 Wilens Decl., ECF No. 45 at 27-28 ¶¶ 27, 28, 31; 2/3/2015 Wilens Decl., Ex. 5, ECF No. 52 at 40-49.)

- According to his LinkedIn profile, Brent Hather is a Vice President at My Privacy Tools, Inc. Mr. Wilens emailed Mr. Hather at the listed email addresses. Mr. Hather responded, confirmed My Privacy Tools is his company, and said it would comply with a subpoena, and stated he did not use the IP addresses but they would have been used by the company's customers. (12/26/2014 Wilens Decl., ECF No. 45 at 27 ¶¶ 29-30; 2/3/2015 Wilens Decl., Ex. 6, ECF No. 52 at 50-51.)

- Mr. Wilens served a subpoena on My Privacy Tools asking it to produce any contact information for the person who used the exact IP addresses on the particular dates and times (going up to August 2014) that correspond to the creation of the blogs and the postings on them. The company stated that it did not have that information. Mr. Wilens then communicated with Mr. Hather, who confirmed that his company leased the IP addresses in question on the specified dates and times and that they were used by one of its customers, but he also informed Mr. Wilens that it did not maintain (except for perhaps a short time) a log tracking which customers using particular IP addresses on particular dates in the past. Thus, the company had no information about the IP addresses used. Mr. Hather also indicated that customers could use the service for

free or without providing a valid name and address. (12/26/2014 Wilens Decl., ECF No. 45 at 28 ¶¶ 32-34; 2/3/2015 Wilens Decl., Ex. 6, ECF No. 52 at 50-51.)

In light of his fruitless efforts to determine the identify of Doe 1, Mr. Wilens now asks the court to allow him to serve Doe 1 by email or, alternatively, by publication. (Motion, ECF No. 45.) As for service by email, Mr. Wilens proposes to serve Doe 1 by emailing the complaint and summons to jeffypetrov@mail.ru, johnnytroll2@mail.ru, and johnytroll2@gmail.com, and abuse@enom.com. (*Id.* at 17.) He also proposes to post a comment that links to a copy of the complaint and summons on www.jeffreywilens.com, jeffreywilens.blogspot.com, lakeshorelawcenter.wordpress.com, attorneyjeffreywilens.wordpress.com, jeffreywilenslawyer.wordpress.com, unitedvictimsofjeffreywilens.wordpress.com, and jeffreywilenslakeshorelaw.wordpress.com. (*Id.*)

## ANALYSIS

In his motion, Mr. Wilens asks the court to permit him to serve Doe 1, who appears to be located in Russia, by e-mail. Federal Rule of Civil Procedure 4(f) authorizes service of process on an individual in a foreign country in the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

"As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (affirming propriety of

service of process by e-mail). While Rule 4(f)(3) gives the court discretion to "craft alternate means of service," such means still must comport with constitutional notions of due process. *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J.)).

Here, Mr. Wilens has made substantial efforts to locate and identify Doe 1, to no avail. He has served six subpoenas and submitted three abuse-related complaints on companies related to the registration of the allegedly offending websites and blogs, and although he has received some information in response, it has not been sufficient to pin-point Doe 1's location or identify him or her. Mr. Wilens also has taken more informal steps to correspond with those identified with the allegedly offending websites and blogs, and while he has communicated with someone at the email address jeffypetrov@mail.ru who may be Doe 1, that person has not provided Mr. Wilens with his or her location or true identity, either.

In addition, assuming that Doe 1 is located in Russia (which appears to be most likely location, based on the evidence submitted), neither Mr. Wilens nor the court is not aware of any international agreement that would prohibit Mr. Wilens from serving Doe 1 via email. (*See* Motion, ECF No. 45 at 15.) And in light of the correspondence that Mr. Wilens has had with the person at jeffypetrov@mail.ru, the court finds that service by email is reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Given this ruling, the court does not address Mr. Wilens's argument in support of service by publication.

## CONCLUSION

For the foregoing reasons, the court grants Mr. Wilens's motion. By February 20, 2015[3], he must serve Doe 1 by emailing the complaint and summons to jeffypetrov@mail.ru,

---

[3] The current deadline for Mr. Wilens to serve Doe 1 is February 5, 2015. (11/10/2014 Order, ECF No. 44.) In light of this order, the court hereby extends that deadline to February 20, 2015.

C 14-02419 LB
ORDER                                                        9

johnnytroll2@mail.ru, and johnytroll2@gmail.com, and abuse@enom.com. By that same date he also must post a comment that links to a copy of the complaint and summons on www.jeffreywilens.com, jeffreywilens.blogspot.com, lakeshorelawcenter.wordpress.com, attorneyjeffreywilens.wordpress.com, jeffreywilenslawyer.wordpress.com, unitedvictimsofjeffreywilens.wordpress.com, and jeffreywilenslakeshorelaw.wordpress.com. Mr. Wilens must file either proof of service or a status update explaining why service has not been made by February 20, 2015 as well.

**IT IS SO ORDERED.**

Dated: February 5, 2015

_____
LAUREL BEELER
United States Magistrate Judge