UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JEFFREY WILENS,<br><br>  Plaintiff,<br><br>  v.<br><br>AUTOMATTIC INC, et al.,<br><br>  Defendants.<br>_____/ | No. C 14-02419 LB<br><br>**ORDER (1) CONTINUING THE HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND (2) REQUIRING SERVICE OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF No. 58] |

On May 25, 2014, Plaintiff Jeffrey Wilens filed a complaint against Defendants Automatic, Inc., TLDS LLC, Google, Inc., and Does 1-100 for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), and for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). (Original Complaint, ECF No. 1.[1]) Automatic, TLDS, and Google have been dismissed from this action, leaving only Doe 1 as a Defendant to this action. On February 5, 2015, the court granted Mr. Wilens's motion to serve Doe 1 by email. (2/5/2015 Order, ECF No. 53.) He did, and Doe 1 failed to respond. (Certificate of Service, ECF No. 54; Affidavit, ECF No. 55.) Thus, upon Mr. Wilens's motion, the Clerk of the Court entered Doe 1's default on March 3, 2015. (Entry of Default, ECF No. 57.)

Now, Mr. Wilens has filed a motion for default judgment. (Motion, ECF No. 58.) First, the

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

court notes that Mr. Wilens noticed it for hearing within 35 days of the filing date in violation of Civil Local Rule 7-2(a). Accordingly, the court continues the hearing on Mr. Wilens's motion from April 16, 2015 to April 23, 2015 at 11:00 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California 94102.

Second, it does not appear that Mr. Wilens served Doe 1, by email or otherwise, with the motion. Under the circumstances, the court directs Mr. Wilens to serve Doe 1 by email with his motion and this order. *See In re Roxford Foods, Inc.*, 12 F.3d 875, 880 (9th Cir. 1993) ("While it is true that '[t]he failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do so,' *Wilson*, 564 F.2d at 369, notice is only required where the party has made an appearance. 'The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.' *Id.*"). Mr. Wilens must do this by March 18, 2015. Mr. Wilens then must file a proof of service by March 19, 2015.

**IT IS SO ORDERED.**

Dated: March 16, 2015

_____
LAUREL BEELER
United States Magistrate Judge