UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JEFFREY WILENS,<br><br>    Plaintiff,<br><br>v.<br><br>DOE DEFENDANT NO. 1,<br><br>    Defendant. | Case No. 14-cv-02419-LHK<br><br>**RESPONSE TO PLAINTIFF'S REQUEST TO MODIFY PROPOSED JUDGMENT**<br><br>[RE: ECF Nos. 74, 76] |

## INTRODUCTION

The plaintiff Jeffrey Wilens − an attorney who runs a law firm called Lakeshore Law Center − sued Doe 1 for trademark infringement, cybersquatting, and defamation after Doe 1 registered domain names with variants of "Jeffrey Wilens" and "Lakeshore Law" and thereafter allegedly defamed Mr. Wilens and his law firm on the websites with those domain names. (*See* First Amended Complaint, ECF No. 23.)[1] The undersigned previously recommended that the district judge issue a judgment that included injunctive relief on the cybersquatting claim under the Anticybersquatting Consumer Protection Act ("ACPA"). (Amended Report and Recommendation, ECF No. 72.) Mr. Wilens submitted comments asking for broader injunctive relief. (Comments, ECF No. 74.) In response to the district judge's request (*see* ECF No. 76), the undersigned issues

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

RESPONSE (No. 14-cv-02419-LHK)

this response to Mr. Wilens's comments and suggests adding three sites to the judgment.

**STATEMENT**

The report and recommendation proposes that the district judge grant Mr. Wilens's motion for default judgment and (1) award him $20,000 in statutory damages and $1,404 in litigation costs, (2) enjoin Doe 1's cybersquatting on domains that contain the marks JEFFREY WILENS or LAKESHORE LAW CENTER, and (3) order the cancellation or transfer to Mr. Wilens of the following domain names:

- jeffreywilens.com
- lakeshorelawcenter.com
- jeffreywilens.blogspot.com
- lakeshorelawcenter.wordpress.com
- attorneyjeffreywilens.wordpress.com
- jeffreywilenslawyer.wordpress.com
- unitedvictimsofjeffreywilens.wordpress.com
- jeffreywilenslakeshorelaw.wordpress.com
- jeffrey-wilens.blogspot.com

(Amended Report and Recommendation, ECF No. 72 at 36-37.)

Mr. Wilens asks the Court to also specify that any domain registrar, hosting company, or ISP must cancel and transfer to him "any domain or website address" that contains the marks JEFFREY WILEN or LAKESHORE LAW CENTER (or variations on them by use of punctuation such as underscores or hyphens) even if they are not listed in the Amended Report and Recommendation. (Comments, ECF No. 74 at 2-3.) He wants the extra language so that he can obtain the cancellation and transfer to him of other domain names or website addresses that he identifies in the future. (*Id.*)

In a declaration, he identifies four new sites that he discovered recently:

- jeffrey-wilens.com
- jeffreywilensscams.com
- jeffreywilens2.wordpress.com
- www.lakeshorelawcenterscam.wordpress.com

(Wilens Decl., ECF No. 74 at 6-7, ¶¶ 4, 6, 8-9; Errata, ECF No. 75 at 1-2.) The first site has

RESPONSE (No. 14-cv-02419-LHK)

2

contents that are "identical" to those on jeffreywilens.com. (Wilens Decl., ECF No. 74 at 6, ¶ 4.) The second "republished some of the same information" from jeffrey-wilens.com. (*Id.* ¶ 6.) The third contains "the same content as the previously shut down Wordpress blogs." (*Id.* ¶ 8.) The fourth is described as another website by Doe 1. (*Id.* ¶ 9.) The domain registrar suspended the first site but will not transfer the domain to Mr. Wilens without a court order, and the host of the third website suspended the third site but it took 10 days for that to happen. (*Id.* ¶¶ 5, 8.) Mr. Wilens is waiting for responses regarding the second and fourth websites. (*Id.* ¶¶ 7, 9.)

## ANALYSIS

Mr. Wilens submitted a declaration establishing the four new sites. (*See* Statement.) For the first three sites, Mr. Wilens's declaration establishes the same offending content. His declaration says nothing about the content of the fourth site.

The first three sites can be added to the judgment. The undersigned's Amended Report and Recommendation analyzed why they can be added: they contain the same defamatory content, and the complaint gives fair notice of the injunctive relief sought, defined not just as the transfer of the domain names and website addresses in the complaint but more specifically as the enjoining of Doe 1's conduct. (*See* Amended Report and Recommendation, ECF No. 72 at 28:20-29:7.)

Mr. Wilens says nothing about the content of the fourth site, though, and he cites no authority to support his proposed language requiring the cancellation or transfer to him of "any domain or website address" that contains the marks JEFFREY WILEN or LAKESHORE LAW CENTER (or variations on them). The undersigned's view is that the relief he requests is too broad.

An injunction must be tailored to the harm by the identified defendant, Doe 1. The proposed injunction here does: it enjoins Doe 1 from cybersquatting with Mr. Wilens's marks, and it transfers the domain names that Mr. Wilens showed were registered by Doe 1. That is the most that the court can order. *See Chanel, Inc. v. Lin*, No. C-09-04996-JCS, 2010 WL 2557503, at *12 (N.D. Cal. May 7, 2010) (recommending transfer of domain names where the plaintiff provided evidence tying the defendants to the domain names), *adopted*, C-09-04996-SI, 2010 WL 2557561 (N.D. Cal. June 21, 2010). Allowing the future transfer of any and all domain names with the marks is too broad because it could reach conduct beyond Doe 1's conduct, including conduct that

RESPONSE (No. 14-cv-02419-LHK)

3

might not be cybersquatting (such as a gripe site where there is "no bad faith intent to profit"). The same is true for the fourth site: perhaps it contains the defamatory content, but Mr. Wilens's declaration does not establish that (and the undersigned is unwilling to surmise it based only on the representation that it is a blog by Doe 1).

For future sites that Mr. Wilens identifies, he can send the judgment and order to domain registrars, web hosting companies, and ISPs to show that the court has enjoined Doe 1's conduct. Put another way, Mr. Wilens may rely on the court's injunction against Doe 1 to obtain further relief from Automattic or from other providers for future sites that he identifies.

## CONCLUSION

The following domain names may be added to the list of domain names to be cancelled or transferred to Mr. Wilens:

- jeffrey-wilens.com
- jeffreywilensscams.com
- jeffreywilens2.wordpress.com

DATED: August 28, 2015

_____
LAUREL BEELER
United States Magistrate Judge