UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY WILENS,<br><br>    Plaintiff,<br><br>    v.<br><br>DOE DEFENDANT NO. 1,<br><br>    Defendant. | Case No. 14-CV-02419-LHK<br><br>**ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND ADOPTING RESPONSE TO PLAINTIFF'S REQUEST TO MODIFY PROPOSED JUDGMENT**<br><br>Re: Dkt. No. 72 |

The Court has reviewed Magistrate Judge Laurel Beeler's Amended Report and Recommendation (the "Amended Report") to grant Plaintiff Jeffrey Wilens's ("Plaintiff" or "Mr. Wilens") motion for default judgment. *See* ECF No. 72. The Amended Report was filed on July 31, 2015.[1] *Id.* The time for objections has passed, and Defendant Doe 1 ("Defendant" or "Doe 1") has not filed any. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On August 11, 2015, Plaintiff filed a Request to Modify Proposed Judgment. ECF No. 74. On August 28, 2015, Judge Beeler filed a Response to Plaintiff's Request to Modify Proposed Judgment. ECF No. 77. For

---

[1] The Amended Report supersedes the original Report and Recommendation filed on April 28, 2015. ECF No. 67.

1
Case No. 14-CV-02419-LHK
ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND ADOPTING RESPONSE TO PLAINTIFF'S REQUEST TO MODIFY PROPOSED JUDGMENT

the reasons stated below, the Court hereby ADOPTS Judge Beeler's Amended Report and Judge Beeler's Response to Plaintiff's Request to Modify Proposed Judgment.

Plaintiff is an attorney who runs a law firm called Lakeshore Law Center. Amended Report at 1. Plaintiff brought this suit against Doe 1 for trademark infringement, cybersquatting in violation of the Anticybersquatting Consumer Protection Act ("ACPA"), and defamation after Doe 1 registered domain names with variants of Plaintiff's name and the name of his law firm. *Id.* These domain names hosted websites that presented objectively false allegations about Plaintiff and his law firm. *See id.* at 4. In addition to suing Doe 1, Plaintiff had also originally sued Automattic, Inc. ("Automattic"), Google, Inc. ("Google"), and TLDS LLC ("TLDS") for their roles in hosting Doe 1's websites. *Id.* at 1-2. Plaintiff subsequently amended his complaint to dismiss Automatic, Google, and TLDS, and to proceed only against Doe 1. *Id.* Judge Beeler granted Plaintiff leave to serve Doe 1 by email, as Plaintiff was in constant communication with Doe 1 via email. *Id.* at 8-9. Despite having been served with notice of Plaintiff's amended complaint, Doe 1 neither appeared nor filed an answer. Accordingly, on March 3, 2015, the Clerk entered default against Doe 1. ECF No. 57.

On March 15, 2015, Plaintiff filed a motion for default judgment against Doe 1. ECF No. 58. Judge Beeler directed Plaintiff to serve Doe 1 with the motion by email, and Plaintiff filed his proof of service. ECF No. 59. Doe 1 again failed to oppose or appear at the April 23, 2015 hearing on the motion for default judgment. The April 23, 2015 hearing spanned nearly fifty minutes, during which time Judge Beeler ordered Plaintiff to file a supplemental declaration addressing some of Judge Beeler's questions, ECF No. 63, which Plaintiff did, ECF No. 64.

On July 31, 2015, Judge Beeler issued a comprehensive, 37-page Amended Report recommending (1) that the Clerk reassign the case to an Article III judge because Doe 1 never consented to Magistrate Judge jurisdiction, *see* Amended Report at 2; and (2) that the newly assigned Article III judge grant Plaintiff's motion for entry of default judgment, *see id.* at 37. Specifically, Judge Beeler concluded that this Court has jurisdiction over Doe 1, *id.* at 12-15;

2

Case No. 14-CV-02419-LHK
ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND ADOPTING RESPONSE TO PLAINTIFF'S REQUEST TO MODIFY PROPOSED JUDGMENT

Plaintiff's trademark claims fail because Plaintiff is unable to establish Doe 1's commercial use, *id.* at 16-20; Plaintiff's ACPA and defamation claims (neither of which contain a commercial use element) are supported in fact and law, *id.* at 20-25; the remaining factors support default judgment, *id.* at 25-26; equitable and injunctive relief are warranted, *id.* at 27-30; and statutory damages should be awarded in the amount of $20,000 plus costs, rather than the $100,000 plus costs sought by Plaintiff, *id.* at 30-37.

On August 11, 2015, Plaintiff filed a Request to Modify Proposed Judgment requesting changes to Judge Beeler's recommended injunctive relief language. ECF No. 74. Plaintiff did so because, according to Plaintiff, Defendant has continued to publish and register domain names using variants of "Jeffrey Wilens" and "Lakeshore Law." For example, Plaintiff says, Defendant published and registered "www.jeffrey-wilens.com" on July 29, 2015, *id.* ¶ 4, and "www.jeffreywilensscams.com" on August 7, 2015, *id.* ¶ 8. In total, Plaintiff identified four new websites Defendant allegedly created:

- jeffrey-wilens.com
- jeffreywilensscams.com
- jeffreywilens2.wordpress.com
- lakeshorelawcenterscam.wordpress.com

Plaintiff proposed these changes "to make it clear that this order can be served on persons facilitating the cybersquatting or misuse of the domain names or reasonable variations thereof." *Id.* at 2.

On August 19, 2015, the Court requested that Judge Beeler issue a response, if she so wished, to Plaintiff's Request to Modify Proposed Judgment. ECF No. 76. Judge Beeler issued a response on August 28, 2015. ECF No. 77. In her response, Judge Beeler agreed that "[t]he first three sites can be added to the judgment." *Id.* at 3. Judge Beeler rejected Plaintiff's request to add the fourth site, www.lakeshorelawcenterscam.wordpress.com, because Plaintiff said nothing about the content of that site. *Id.* Further, Judge Beeler rejected Plaintiff's proposal requiring the

3

Case No. 14-CV-02419-LHK
ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND ADOPTING RESPONSE TO PLAINTIFF'S REQUEST TO MODIFY PROPOSED JUDGMENT

cancellation or transfer to Plaintiff of "any domain or website address" that contains the marks JEFFREY WILEN or LAKESHORE LAW CENTER (or variations on them). *Id.* Judge Beeler did so because such relief, in her view, would be "too broad." *Id.* "An injunction," Judge Beeler explained, "must be tailored to the harm by the identified defendant, Doe 1," and "[a]llowing the future transfer of any and all domain names with the marks . . . could reach conduct beyond Doe 1's conduct, including conduct that might not be cybersquatting (such as a gripe site where there is 'no bad faith intent to profit')." *Id.* at 3-4.

The Court agrees with Judge Beeler. Although the Court is sympathetic to Plaintiff's circumstances, requiring the cancellation or transfer to Plaintiff of "any domain or website address" that contains the marks JEFFREY WILEN or LAKESHORE LAW CENTER (or variations thereof) would be too broad. Injunctive relief must be tailored to the harm by the identified defendant, Doe 1.

Subsequent to Judge Beeler's response, Plaintiff filed a supplemental brief containing additional proposals for amending the proposed judgment on August 29, 2015. ECF No. 78. The Court finds that these proposals, framed as "additional safeguards," are unnecessary and would be overly burdensome. *Id.* at 4-5. The Court also finds that the proposed judgment included in Judge Beeler's Amended Report, which "enjoins Doe 1's cybersquatting on domains that contain the marks JEFFREY WILENS or LAKESHORE LAW CENTER," and "orders the cancellation or transfer to Plaintiff" of "domain names" that Plaintiff has shown were registered by Doe 1, Amended Report at 36-37, is sufficiently tailored and provides Plaintiff adequate relief.

Thus, having reviewed Judge Beeler's Amended Report and Response to Plaintiff's Request to Modify Proposed Judgment, the Court concludes that the factual findings and legal holdings in those documents are well-founded. Accordingly, the Court adopts Judge Beeler's Amended Report and Response to Plaintiff's Request to Modify Proposed Judgment, and denies Plaintiff's request to add the fourth website and for "additional safeguards." Plaintiff's Motion for Default Judgment is hereby GRANTED. The Court enters judgment in favor of Plaintiff on

4

Case No. 14-CV-02419-LHK
ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND ADOPTING RESPONSE TO PLAINTIFF'S REQUEST TO MODIFY PROPOSED JUDGMENT

Plaintiff's ACPA and defamation claims and hereby:

1. awards Plaintiff $20,000 in statutory damages, and $1,404 in litigation costs;
2. enjoins Doe 1's cybersquatting on domains that contain the marks JEFFREY WILENS or LAKESHORE LAW CENTER;
3. orders the cancellation or transfer to Plaintiff of the following domain names:
   - jeffreywilens.com
   - lakeshorelawcenter.com
   - jeffreywilens.blogspot.com
   - lakeshorelawcenter.wordpress.com
   - attorneyjeffreywilens.wordpress.com
   - jeffreywilenslawyer.wordpress.com
   - unitedvictimsofjeffreywilens.wordpress.com
   - jeffreywilenslakeshorelaw.wordpress.com
   - jeffrey-wilens.blogspot.com
   - jeffrey-wilens.com
   - jeffreywilensscams.com
   - jeffreywilens2.wordpress.com

   and;
4. orders Plaintiff to serve this Order on Doe 1 by email.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 18, 2015

_____
LUCY H. KOH
United States District Judge

Case No. 14-CV-02419-LHK
ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION AND ADOPTING RESPONSE TO PLAINTIFF'S REQUEST TO MODIFY PROPOSED JUDGMENT

5